GENTILE DePALMA, LTD.
DOMINIC P. GENTILE, ESQ.
NEVADA STATE BAR NO. 1923
MICHAEL D. STEIN, ESQ.
NEVADA STATE BAR NO. 4760
KATHLEEN T. JANSSEN, ESQ.
NEVADA STATE BAR NO. 5026
3960 HOWARD HUGHES PARKWAY, SUITE 850
LAS VEGAS, NEVADA 89109
TELEPHONE: (702) 386-0066
FACSIMILE: (702) 382-9309

Attorneys For Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GLEN J. LERNER, ESQ. and
PAUL BUTLER,

       Plaintiffs,

vs.

STATE BAR OF NEVADA,

       Defendant.

Case No.:

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Glen Lerner, Esq. and Paul Butler allege as follows:

### JURISDICTION

1.  This action is brought under 28 U.S.C. 1331, 28 U.S.C. 2201, 28 U.S.C. 2202, 28 U.S.C. 1343(a)(3)-(4) and 42 U.S.C. 1983 for a judgment that Nevada Supreme Court Rules 195 and 196(5), as enforced and applied by the State Bar of Nevada against Glen J. Lerner, Esq., violate Glen J. Lerner, Esq.'s and Paul Butler's First Amendment Rights under the United States Constitution as it applies to the State of Nevada through the Fourteenth Amendment.

2.  This action is brought under 28 U.S.C. 1331, 28 U.S.C. 2201, 28 U.S.C. 2202, 28 U.S.C. 1343(a)(3)-(4) and 42 U.S.C. 1983 for a judgment that Nevada Supreme Court Rules 195 and 196(5) are unconstitutional on their face because SCR 195 and 196(5) are "unconstitutionally vague" and therefore violate Glen J. Lerner, Esq.'s and Paul Butler's First Amendment Rights under the United States Constitution as it applies to the State of Nevada through the Fourteenth Amendment.

3.  Plaintiffs Glen J. Lerner and Paul Butler also request injunctive relief to prevent the State Bar of Nevada from disciplining Glen J. Lerner, Esq., and from prohibiting him from airing commercials on television concerning his practice of law, which truthfully and in a non-misleading manner, advertise Glen J. Lerner's professional services.

4.  This Court has jurisdiction over the claims for an injunction and declaratory relief under the provisions of 28 U.S.C. § 2201, 28 U.S.C. § 2202, and 28 U.S.C. § 1343 (a)(3)-(4) as these claims are joined with a substantial and related claim under 42 U.S.C. 1983.

## VENUE

5.  Attorney Lerner and Butler incorporate herein by reference all allegations hitherto made as if fully set forth herein.

6.  The Defendant State Bar of Nevada is located in Clark County, Nevada, and all of the actions complained about herein occurred in Clark County, Nevada.

7.  Venue is within the Southern Division of the United States District Court, District of Nevada, pursuant to Local Rule 8-1 of the United States District Court, District of Nevada.

## PARTIES

8.  Attorney Lerner and Butler incorporate herein by reference all allegations hitherto made as if fully set forth herein.

9.  Plaintiff Glen J. Lerner, Esq. ("Attorney Lerner") is a citizen of the State of Nevada and resident of Clark County, Nevada.

10.  Plaintiff Paul Butler ("Butler") is a citizen of the State of Nevada and resident of Clark County, Nevada.

11.  Defendant State Bar of Nevada ("State Bar of Nevada") is the State governmental entity with the power to (1) enforce the Supreme Court of Nevada's Rules governing attorney conduct; and (2) to investigate, prosecute and discipline attorneys alleged to have violated the Supreme Court of Nevada's Rules governing attorney conduct.

## FACTUAL ALLEGATIONS

### The Plaintiffs

12.  Attorney Lerner and Butler incorporate herein by reference all allegations hitherto made as if fully set forth herein.

13.  Attorney Lerner has been licensed to practice law in the State of Nevada since 1991.

14.  Attorney Lerner represents people who have suffered injuries as a result of the wrongful conduct of others.

15.  Many of the people represented by Attorney Lerner would otherwise be forced to deal with large insurance companies on their own in order to seek redress for injuries they have suffered due to the wrongful conduct of others.

16.  In order to communicate the availability of his professional services to the public, Attorney Lerner advertises his practice through various media, including commercials aired on television.

17.  Butler is a former client of Attorney Lerner.

18.  Butler is a Vietnam veteran who spent two (2) tours in Vietnam.

19. Butler lost the use of one of his arms as a result of a motorcycle accident.

20. Butler sought representation from Attorney Lerner.

21. Butler retained Attorney Lerner to represent him in a negligence case involving the catastrophic and potentially life-threatening motorcycle accident.

22. Attorney Lerner's legal representation of Butler resulted in a multi-million dollar settlement with the insurance company that represented the responsible party who caused Butler's injuries.

23. Butler is extremely satisfied with the professional legal services provided to him from Attorney Lerner.

24. Butler desires to disseminate his experiences with Attorney Lerner through commercials aired on television and paid for by Attorney Lerner in a truthful and non-misleading manner.

### The Commercials

25. Attorney Lerner and Butler incorporate herein by reference all allegations hitherto made as if fully set forth herein.

26. Attorney Lerner has aired the following three (3) commercials on television to advertise his professional legal services: "Pop Up," "Think Big" and "Top Banana."

27. Bar Counsel for the State Bar of Nevada instructed Attorney Lerner that he had to cease and desist from airing "Pop Up," "Think Big" and "Top Banana" because Bar Counsel opined that these commercials "created a sense of anxiety amongst the public."

28. Attorney Lerner took "Pop Up," "Think Big" and "Top Banana" off the air to avoid sanctions from the State Bar of Nevada.

29. The "Pop Up" commercial advertises lawful services.

30.  The "Pop Up" commercial does not contain false representations.

31.  The "Pop Up" commercial does not contain deceptive communications.

32.  The "Pop Up" commercial does not contain misleading communications.

33.  The "Think Big" commercial advertises lawful services.

34.  The "Think Big" commercial does not contain false representations.

35.  The "Think Big" commercial does not contain deceptive communications.

36.  The "Think Big" commercial does not contain misleading communications.

37.  The "Top Banana" commercial advertises lawful services.

38.  The "Top Banana" commercial does not contain false representations.

39.  The "Top Banana" commercial does not contain deceptive communications.

40.  The "Top Banana" commercial does not contain misleading communications.

41.  Attorney Lerner has also caused the following five commercials to be produced: "Mask," "Alien," "Endless Experts," "Stop A Wreck" and "Crash Test Dummies."

42.  Attorney Lerner aired "Alien" and "Crash Test Dummies" on television, but had to stop airing these commercials and did not air the other three because Bar Counsel for the State Bar of Nevada advised Attorney Lerner that it was his opinion that the commercials violated the Nevada Supreme Court's Rules of Professional Conduct.

43.  The "Alien" commercial advertises lawful services.

44.  The "Alien" commercial does not contain false representations.

45.  The "Alien" commercial does not contain deceptive communications.

46.  The "Alien" commercial does not contain misleading communications.

47.  The "Crash Test Dummies" commercial advertises lawful services.

48.  The "Crash Test Dummies" commercial does not contain false representations.

49. The "Crash Test Dummies" commercial does not contain deceptive communications.

50. The "Crash Test Dummies" commercial does not contain misleading communications.

51. Attorney Lerner had most recently been airing three (3) commercials on television advertising his professional legal services: "Sabra", "Robert" and "Amy".

52. The "Sabra" commercial advertises lawful services.

53. The "Sabra" commercial does not contain false representations.

54. The "Sabra" commercial does not contain deceptive communications.

55. The "Sabra" commercial does not contain misleading communications.

56.  The "Robert" commercial advertises lawful services.

57. The "Robert" commercial does not contain false representations.

58. The "Robert" commercial does not contain deceptive communications.

59. The "Robert" commercial does not contain misleading communications.

60. The "Amy" commercial advertises lawful services.

61. The "Amy" commercial does not contain false representations.

62. The "Amy" commercial does not contain deceptive communications.

63. The "Amy" commercial does not contain misleading communications.

64. The "Sabra," "Amy" and "Robert" commercials shall collectively be referred to as the "Subject Commercials."

65. In or about mid-July 2005, a grievance was filed with the State Bar of Nevada concerning Lerner's various commercials.

66. The grievance was assigned Grievance Number 05-153-0781.

67.  In or around September 22, 2005, Attorney Lerner was contacted by a member of the office of bar counsel for the State Bar of Nevada who requested videotape copies of the Subject Commercials.

68.  Attorney Lerner responded to the request of the bar counsel for the State Bar of Nevada by providing videotape copies of each of the Subject Commercials.

69.  The State Bar of Nevada subsequently sent Attorney Lerner a letter dated November 9, 2005 (the "November 9th Bar Letter").

70.  In the November 9th Bar Letter, the State Bar of Nevada acknowleged receipt of the Subject Commercials and informed Attorney Lerner of its position that the Subject Commercials violated Nevada Supreme Court Rules 195 and 196(5).

71.  Nevada Supreme Court Rule 195 provides, in pertinent part, that "[a] lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services.  A communication is false or misleading if it … "[c]ontains a testimonial or endorsement."

72.  Nevada Supreme Court Rule 196(5) provides, in pertinent part, that "[t]here shall be no dramatization, testimonials or endorsements in any advertisement in any medium."

73.  The November 9th Bar Letter demanded Attorney Lerner to "immediately cease the use of" the "type" of advertisements used in the Subject Commercials.

74.  The November 9th Bar Letter also admonished Attorney Lerner that his "continued use" of the Subject Commercials "are actionable."

75.  Attorney Lerner is in the process of producing new commercials which are of the same "type" complained about in the November 9th Bar Letter.

76.  Attorney Lerner intends to continue to produce and air the "type" of commercials complained about in the November 9th Bar Letter.

77.  Attorney Lerner intends to air commercials which contain material that allows Attorney Lerner to illustrate his persona and convey to the public the type of advocate he is.  That the degree of confidence one has in his chosen lawyer is often influenced by the ability of the client to relate to his attorney's persona and affect.

78.  Butler desires to appear in Attorney Lerner's commercials for the purpose of disseminating his experiences with Attorney Lerner in a truthful and non-misleading manner.

79.  Commercials aired by an attorney, whether used for advertising purposes or otherwise, are speech protected by the First Amendment to the United States Constitution, as applied to the State of Nevada through the Fourteenth Amendment to the United States Constitution.

80.  The November 9th Bar Letter and the stated position of the State Bar of Nevada have had an unconstitutional "chilling" effect on Attorney Lerner's decision to air the Subject Commercials and new commercials that are of the same "type" complained about in the November 9th Bar Letter.

81.  Butler believes that Nevada Supreme Court Rules 195 and 196(5) thwart and/or chill his First Amendment rights to disseminate his experiences with Attorney Lerner in a truthful and non-misleading manner.

82.  On January 19, 2006, after the State Bar of Nevada was informed that Attorney Lerner retained legal counsel, the State Bar of Nevada sent Attorney Lerner a letter advising him that a Screening Panel had considered Grievance File No. 05-153-0781 and it had "closed" this particular grievance ("January 19th Bar Letter").

83.  Notwithstanding the January 19th Bar Letter, Attorney Lerner believes that he is under a constant credible threat of prosecution for an ethical violation should he continue to

produce and air the "type" of commercials complained about in the November 9th Bar Letter.

84. The production costs associated with the commercials mentioned herein approximate $100,000.00.

85. Notwithstanding the January 19th Bar letter, Attorney Lerner believes that he will be subject to future grievances and/or disciplinary actions should he continue to produce and air the "type" of commercials complained about in the November 9th letter.

86. Attorney Lerner is subject to realistic danger of sustaining direct injury, in the form disciplinary action from the State Bar of Nevada, as a result of the aforementioned operation of enforcement of Nevada Supreme Court Rules 195 and 196(5) by the State Bar of Nevada.

87. Attorney Lerner believes that he is under a constant credible threat of prosecution because the January 19th Bar Letter merely closed Grievance File Number 05-153-0781, but it took no position as to whether Attorney Lerner would be subject to continued prosecution for airing the "type" of commercials complained about in the November 9th Bar Letter.

88. Attorney Lerner seeks to air additional commercials, including but not limited to all of those commercials he has already produced, but he has been told by the State Bar of Nevada that he will be subject to discipline if he airs the commercials.

89. Attorney Lerner has been threatened by the State Bar of Nevada with prosecution, in the form of disciplinary action, for airing the "type" of commercials complained about in the November 9th Bar Letter.

90.  Attorney Lerner is informed and believes, and therefore alleges, that prosecution, in the form of disciplinary action, is likely.

91.  A determination that the aforementioned Supreme Court Rules violate Attorney Lerner and Butler's First Amendment rights will remedy the injuries complained about in this Complaint.

92.  An injunction and declaratory judgment will further help to remedy the injury complained about in this Complaint.

### FIRST COUNT – VIOLATION OF 42. U.S.C. SECTION 1983

93.  Attorney Lerner and Butler incorporate herein by reference all allegations hitherto made as if fully set forth herein.

94.  Nevada Supreme Court Rule 195 is unconstitutional in the manner it was applied to Attorney Lerner and Butler when Attorney Lerner was advised and admonished by the State Bar of Nevada to "immediately cease the use of" the "type" of advertisements used in the Subject Commercials; to cease airing other commercials; and that Attorney Lerner's "continued use" of the Subject Commercials "are actionable."

95.  Supreme Court Rule 196(5) remains unconstitutional in the manner that it is currently being applied to Attorney Lerner and Butler.

96.  Supreme Court Rule 196(5) is unconstitutional in the manner it was applied to Attorney Lerner and Butler when Attorney Lerner was advised and admonished by the State Bar of Nevada to "immediately cease the use of" the "type" of advertisements used in the Subject Commercials; to cease airing other commercials; and that Attorney Lerner's "continued use" of the Subject Commercials "are actionable."

97.  Supreme Court Rule 196(5) remains unconstitutional in the manner that it is currently being applied to Attorney Lerner.

98.  Nevada Supreme Court Rules 195 and 196(5) are unconstitutionally vague because they prohibit commercials containing "dramatizations," but fail to define what types of advertising are deemed "dramatization."

## SECOND COUNT – DECLARATORY RELIEF

99.  Attorney Lerner and Butler incorporate herein by reference all allegations hitherto made as if fully set forth herein.

100.  Attorney Lerner and Butler are entitled to a declaratory judgment stating that: (1) Nevada Supreme Court Rule 195 is unconstitutional in the manner it was applied and is currently being applied to Attorney Lerner and Butler as it violates their rights under the First and Fourteenth Amendments; (2) Nevada Supreme Court Rule 196(5) is unconstitutional in the manner it was applied and is currently being applied to Attorney Lerner and Butler as it violates their rights under the First and Fourteenth Amendments.

## THIRD COUNT - INJUNCTIVE RELIEF

101.  Attorney Lerner and Butler incorporate herein by reference all allegations hitherto made as if fully set forth herein.

102.  Attorney Lerner and Butler are entitled to injunctive relief prohibiting the State Bar of Nevada from: (1) further advising and admonishing Attorney Lerner to cease, either immediately or sometime in the future, the use of the Subject Commercials or the type of advertisements used in the Subject Commercials and/or any similar commercials that advertise his legal services; and; (2) disciplining Attorney Lerner for using and/or airing the Subject Commercials and/or any similar commercials that advertise his legal services.

103. Attorney Lerner and Butler are entitled to injunctive relief enjoining the State Bar of Nevada from preventing or otherwise interfering with Attorney Lerner's rights under the First and Fourteenth Amendments to the U.S. Constitution to advertise his legal services to the public and allow Butler to disseminate his experiences with Attorney Lerner through commercials in a truthful and non-misleading manner.

## PRAYER

Wherefore, Attorney Lerner and Butler pray as follows:

A.      That the Court take jurisdiction over the parties and subject matter of this action;

B.      That the Court grant a declaratory judgment stating that: (1) Nevada Supreme Court Rule 195 is unconstitutional in the manner it was applied and is currently being applied to Attorney Lerner and Butler as it violates their rights under the First and Fourteenth Amendments; (2) Nevada Supreme Court Rule 196(5) is unconstitutional in the manner it was applied and is currently being applied to Attorney Lerner and Butler as it violates their rights under the First and Fourteenth Amendments; and (3) Nevada Supreme Court Rules 195 and 196(5) are unconstitutionally vague and therefore violate Attorney Lerner and Paul Butler's rights under the First and Fourteenth Amendments;

C.      That the Court grant Attorney Lerner and Butler an injunction prohibiting the State Bar of Nevada from: (1) further advising and admonishing Attorney Lerner to cease, either immediately or sometime in the future, the use of the Subject Commercials or the type of advertisements used in the Subject Commercials and/or any similar commercials that advertise his legal services, and; (2) disciplining Attorney Lerner for using and/or airing the Subject Commercials and/or any similar commercials that advertise Attorney Lerner's legal services;

D.    That the Court grant Attorney Lerner and Butler injunctive relief enjoining the State Bar of Nevada from preventing or otherwise interfering with Attorney Lerner's and Butler's rights under the First and Fourteenth Amendments to the U.S. Constitution to advertise Attorney Lerner's legal services to the public and to disseminate Butler's experiences with Attorney Lerner through Attorney Lerner's commercials in a truthful and non-misleading manner;

E.    Reasonable costs and attorneys' fees; and

F.    Such other relief as the Court deems appropriate under the circumstances.


Dated this 6th day of April, 2006.

GENTILE DePALMA, LTD.

BY: _____
Michael D. Stein, Esq.
Nevada Bar No. 4760


BY: _____
Kathleen Janssen, Esq.
Nevada Bar No. 5026
3960 Howard Hughes Parkway, Suite 850
Las Vegas, Nevada 89109
(702) 386-0066
Attorneys for Plaintiffs