GENTILE DePALMA, LTD.
DOMINIC P. GENTILE, ESQ.
NEVADA STATE BAR NO. 1923
MICHAEL D. STEIN, ESQ.
NEVADA STATE BAR NO. 4760
KATHLEEN T. JANSSEN, ESQ.
NEVADA STATE BAR NO. 5026
3960 HOWARD HUGHES PARKWAY, SUITE 850
LAS VEGAS, NEVADA 89109
TELEPHONE: (702) 386-0066
FACSIMILE: (702) 382-9309

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GLEN J. LERNER, ESQ. and PAUL BUTLER,<br><br>Plaintiffs,<br><br>vs.<br><br>ROB W. BARE, in his capacity as Bar Counsel to the State Bar of Nevada,<br><br>Defendant. | Case No.:   2:06-CV-0453-JCM (PAL) |

**OPPOSITION TO DEFENDANT STATE BAR OF NEVADA'S MOTION TO DISMISS/LIMITED NON-EXCLUSIVE RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Glen Lerner, Esq. and Paul Butler, by and through their counsel Michael Stein, Esq. of the Law Offices of Gentile DePalma, Ltd., oppose Defendant's Motion to Dismiss because the motion is now moot. Plaintiffs filed an Amended Complaint on May 16, 2006 (Doc. # 14) naming Rob Bare, Esq., who is Bar Counsel for The State Bar of Nevada,

as the Defendant in his capacity has Bar Counsel. An Acceptance of Service on behalf of Rob Bare, Esq. has been filed. (Doc. # 18).

This Opposition is based upon the Memorandum of Points and Authorities incorporated herein.

Dated this 23 day of May, 2006.

LAW OFFICES OF GENTILE DePALMA, LTD.

BY: _____
Michael D. Stein, Esq.
Nevada Bar No. 4760
3960 Howard Hughes Parkway, Suite 850
Las Vegas, Nevada 89109
(702) 386-0066
Attorney for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

The State Bar of Nevada's Motion is now moot because Plaintiff filed an Amended Complaint. (Doc. # 14). Rob Bare is now named as the Defendant in this case in his capacity as State Bar Counsel for the State Bar of Nevada. (Doc. # 14).

NRCP 15(a) provides, "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served[.]" A Motion to Dismiss is not a pleading, but a motion. See 3 Moore's Federal Practice, § 15.11 (The term *responsive pleading* is defined by reference to Rule 7(a), which distinguishes between pleadings and motions, and provides an exclusive list of what is a pleading [.])); see also *Federal Civil Rules Handbook* 405 (West 2004)(A motion filed in opposition to a pleading is not a responsive pleading within the meaning of Rule 15(a)); see e.g. *Shaver v. Operating Engineers Local 428*

*Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198 (9th Cir. 2003)(motion to dismiss not responsive pleading; thus plaintiff retained "absolute right" to amend complaint).

### III. CONCLUSION

Defendant's Motion to Dismiss/Limited Non-Exclusive Response to Plaintiffs' Motion for Preliminary Injunction is rendered moot by the Plaintiff's First Amended Complaint and should therefore be denied.

Dated this ___ day of May, 2006.

                              LAW OFFICES OF GENTILE DePALMA, LTD.

                              BY: _____
                                   Michael D. Stein, Esq.
                                   Nevada Bar No. 4760
                                   3960 Howard Hughes Parkway, Suite 850
                                   Las Vegas, Nevada 89109
                                   (702) 386-0066
                                   Attorney for Plaintiffs