NICHOLAS J. SANTORO, ESQ.
Nevada Bar No. 532
CODY WINTERTON, ESQ.
Nevada Bar No. 9719
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702-791-0308

*Attorneys for Rob W. Bare, in his capacity
as Bar Counsel to the State Bar of Nevada*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GLENN J. LERNER and PAUL BUTLER<br><br>Plaintiffs,<br><br>v.<br><br>ROB W. BARE, in his capacity as Bar Counsel to the State Bar of Nevada<br><br>Defendant. | CASE NO.:   2:06-cv-0453-JCM (PAL)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

### DEFENDANT'S OPPOSITION
### TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Defendant Rob W. Bare, in his capacity as Bar Counsel to the State Bar of Nevada ("Defendant"), hereby oppose Plaintiffs' Motion for Preliminary Injunction. This Opposition is made and based upon all of the pleadings and papers on file herein, the Points and Authorities submitted below, and any oral argument adduced at hearing on this matter.

### MEMORANDUM OF POINTS AND AUTHORITIES
### I. INTRODUCTION

Plaintiffs' Motion for Preliminary Injunction is moot and should be denied because Plaintiffs' entire Motion is based on the State Bar's former advertising rules. On April 26, 2007, the Nevada Supreme Court issued an order adopting new rules regarding advertising and superseding former Rules 195 and 196. The new advertising rules take effect on September 1,

- 1 -

05994-02/195201

2007. Therefore, Defendant requests that this Court deny Plaintiffs' Motion for Preliminary Injunction.

## I. STATEMENT OF FACTS

1. On December 16, 2004, the Nevada Supreme Court created a Study Committee on Lawyer Advertising ("SCLA") to review all of the rules governing attorney advertising, and study the rules' efficacy in the current legal and business environment, and recommend changes to the rules to the State Bar Board of Governors ("Board").

2. On March 15, 2006, after public hearings and extensive meetings, the SCLA draft recommendations were submitted to the Board.

3. In the interim, Plaintiffs filed this action on April 12, 2006, seeking injunctive and declaratory relief against Defendant regarding the enforcement of some of the former rules governing attorney advertising, specifically, Rules of Professional Conduct (RPC) 7.1 and 7.2(e), formerly designated and referred to by Plaintiffs as Supreme Court Rules ("USCR") 195 and 196(5), respectively.

4. On April 26, 2007, the Nevada Supreme Court issued an order adopting new rules regarding advertising. The new rules specifically allow for testimonials, endorsements, past results, and statements describing or characterizing the lawyer's services provided there are sufficient disclaimers to prevent misleading ads and back-up documentation verifying the statements. The rules take effect September 1, 2007.

## II. ARGUMENT

The Ninth Circuit has determined that "a preliminary injunction should issue upon a clear showing of either: (1) probable success on the merits and irreparable injury; or (2) sufficiently serious questions going to the merits to make the case a fair ground for litigation and a balance of hardships tipping decidedly in favor of the party requesting relief. Baby Tam & Co., Inc. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998). Plaintiffs will not be able to make the clear showing required for preliminary injunction because each argument presented in Plaintiffs' Motion is based on the former Nevada Supreme Court advertising rules. Specifically, Plaintiff

argues that former Nevada Supreme Court Rules 195 and 196(5) are an invalid regulation of commercial speech. Plaintiff argues that former Supreme Court Rules 195 and 196(5) do not satisfy the <u>Central Hudson</u> test. Finally, Plaintiff argues that Nevada Supreme Court Rules 195 and 196(5) are unconstitutionally vague. Each argument is clearly dependent on Nevada's former advertising rules. The Nevada Supreme Court's April 20, 2007 order adopting new rules render all of Plaintiffs' arguments moot.

### III. CONCLUSION

Defendant respectfully requests this Court deny Plaintiffs' Motion for Preliminary Injunction because Plaintiffs' arguments are rendered moot by the Nevada Supreme Court's adoption of new advertising rules.

DATED this ___27th___ day of August, 2007.

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

_____
NICHOLAS J. SANTORO, ESQ.
Nevada Bar No. 532
CODY WINTERTON, ESQ.
Nevada Bar No. 9719
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Rob W. Bare, in his capacity as Bar Counsel to the State Bar of Nevada*

- 3 -

05994-02/195201